# Mitchell *v.* Lawrence.

### *Attachment Suit.*

1. *Attachments; can not be issued by one justice and be made returnable to another.*—Under the provisions of the statute, (Code, § § 526, 571), a justice of the peace has no authority to issue an attachment and make it returnable to another justice of the peace; and this is true where the writ of attachment is issued in proceedings to enforce a landlord's lien for an amount less than one hundred dollars; section 2710 of the Code providing that attachment proceedings for the collection of rent shall be tried in the same manner as other attachment causes are tried.

APPEAL from the Circuit Court of Pike.

Tried before the HON. J. W. FOSTER.

On October 7, 1898, M. F. Lawrence, by her agent, made affidavit and bond for attachment against J. W. Mitchell, for rent of land for the years 1897 and 1898, before B. W. Starke, a notary public and ex-officio justice of the peace for Pike county, for the sum of forty dollars, who issued an attachment writ returnable before H. M. Wadsworth, a justice of the peace for said county of Pike, which was levied by a constable of said county on 125 bushels of corn, the property of defendant.

On the trial before the justice of the peace, the defendant made a motion to quash the writ of attachment for the reason that it was made returnable to a different justice of the peace from the one who issued it. This motion was overruled.

Upon issue joined upon pleas interposed by the plaintiff, judgment was rendered in favor of the plaintiff, and from this judgment an appeal was taken to the circuit court. On the trial in the circuit court, the plaintiff renewed his motion to quash the attachment upon the following grounds: 1st. Because said attachment was issued and made returnable to the notary public and ex-officio justice of the peace issuing the same, in conformity to law. 2d. Because the affidavit and bond was made before B. W. Starke, notary public and ex-officio justice of the peace of Troy, precinct No. 1, and writ issued by him and made returnable before H. M. Wadsworth, justice of the peace for Mitchell's precinct, No. 11, in said county, contrary to law. The court denied this motion to quash, and to this action of the court the defendant duly excepted. Issue was then joined on the pleas interposed by the defendant.

There were verdict and judgment for the plaintiff. From this judgment the defendant appeals, and assigns as error the overruling of his motion to quash the attachment.

A. C. WORTHY, for appellant.—Justices of the peace or a notary public exercising the jurisdiction of a justice of the peace, has a special statutory authority to issue writs of attachment to enforce the collection of debts, returnable to the circuit court of their respective counties.—Code of 1896, § 526; *Vann & Waugh v. Adams, Thorn & Co.,* 71 Ala. 478. "As was said in *Stevenson v. O'Hara,* 27 Ala. 362, and repeated in, *Matthews v. Sands,* 29 Ala. 136, such writs were unknown to the common law, and no one has power to issue them, unless thereunto specially authorized. They are not ordinary process, do not issue out of a court, nor pertain to the exercise of the ordinary powers and jurisdiction of a court." An attachment to enforce a landlord's lien for rent and ad-

vances may be issued by any officer authorized to issue attachments in other cases, and made returnable before any court of competent jurisdiction.—Code of 1896, § 2710.

Justices of the peace have power to issue attachments, returnable *before themselves,* when the amount claimed does not exceed one hundred dollars, &c.—Code of 1896, § 571. The jurisdiction—to hear and determine—is confined by this section to the justice who issues the attachment. Section 2710 does not extend the power of a justice to hear and determine an attachment *not* issued by himself—*Vann v. Adams,* 71 Ala. 478; Griffin v. Appleby, 69 Ala. 409; *Rice v. Watts,* 71 Ala. 593; *Bruner v. Kinsel,* 42 Ala. 493.

WILLIAM H. SAMFORD, *contra.*—The court did not err in denying the defendant's motion to quash the attachment. "The landlord shall have the right for the enforcement of such a lien (landlord's lien) to sue out an attachment before any officer authorized to issue attachments and returnable to any court having jurisdiction of the amount claimed."—Code, § 2717. It can not be contended that justices of the peace have not jurisdiction to issue attachments within their respective counties.— Code, § 526. And it seems to us equally certain that a justice of the peace has jurisdiction of the amount claimed. Code, § 2662.

DOWDELL, J.—As stated by counsel in argument, there is but one question presented by the record in this case, and that is, whether a justice of the peace has the authority to issue an attachment returnable before another justice.

Attachment proceedings are the creation of the statute, and to the statute we must look for the power and authority, not only to issue the writ, but also to determine all matters subsequent to the issue, and pertaining to and regulating the execution and return of the same. The several sections contained in the Code relating to issuance of attachments must be construed *in pari materia.* Chapter II of the Code, p. 238, which relates to attachments, is subdivided into articles from 1 to 6, in-

clusive. Section 526 under article 1, prescribes by what officers attachments may be issued, and includes justices of the peace, but it cannot be doubted that this section relates to attachments returnable to the circuit court or court of like jurisdiction. This is made manifest by the provisions contained in article 6 of the same chapter, page 254, which pertain exclusively to proceedings in attachment before justices of the peace and in causes within the jurisdiction of such courts.

The caption to article 6 is, "Attachments issued by Justices of the Peace." The several sections contained in this article provide not only for the issuance of the writ, but also for all proceedings had under it. Section 571 provides as follows: "Justices of the peace have power to issue attachments, returnable before themselves, where the amount claimed does not exceed one hundred dollars, for the enforcement of the debts or demands, and in the cases mentioned in sections 524 and 525." If the language employed in the statute had been in the singular instead of the plural, that is, "a justice of the peace has the power to issue an attachment returnable before himself" etc., it could not then be questioned, that the power to issue returnable before another justice would be wanting. We do not think that the mere employment in the statute of the plural number, justices, instead of the singular, justice, would authorize a different construction from that which would be given, if the singular had been employed. The natural import and meaning, and the reasonable construction of the language "returnable before themselves," is, returnable before the one issuing the writ.

Sections 2710 and 2717 which relate to the enforcement of the lien of landlords by attachment, are to be construed in connection with the statutes we have been considering above, in respect to the issuance and return of such writs. There is nothing in these two sections from which it could be intended, that it was the purpose of the legislature to authorize a justice of the peace in attachment for the collection of rent, to issue the writ returnable before another justice, when it could not be done in other attachment proceedings under the statute. Indeed, in section 2710, it is provided among other

[McMinn v. Karter.]

things, that the cause "must be tried in the same manner etc., as other attachment causes are tried;" clearly indicating an intention not to change any rule of practice or pleading.

Our conclusion, therefore, is, that a justice of the peace has no authority to issue an attachment returnable before another justice; and the defendant's motion to quash should have been sustained. For the error in overruling the motion the judgment of the court below must reversed and the cause remanded.

Reversed and remanded.